UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JEREMIAH HANCOCK, an individual, and ERICH COLE JOHNSON, an individual,

Plaintiffs,

v.

HELENA AGRI-ENTERPRISES, LLC, a limited liability company; and DOES I - V,

Defendants.

Case No. 4:24-cv-00435-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Defendant Helena Agri-Enterprises, LLC's ("Helena") Motion to Modify Scheduling Order (Dkt. 28) and Motion for Leave to Conduct Additional Depositions (Dkt. 29). Plaintiffs oppose both Motions. Dkt. 30. Upon review, and for the reasons set forth below, the Court GRANTS both motions.

## II. BACKGROUND

### A. Factual

On April 9, 2021, Plaintiffs were travelling from Lava Hot Springs, Idaho, to Logan, Utah. They were driving a pickup truck and pulling a trailer southbound on Highway 91, which has one lane of travel in each direction. South of Downey, Idaho, Plaintiffs noticed a Freightliner semi pulling a trailer stopped on the righthand shoulder of the southbound lane. Helena employee Newell Jenkins was driving the semi.

As Plaintiffs got closer, the semi started moving forward. The semi then abruptly turned left in front of Plaintiffs, making a U-turn. Plaintiffs were unable to avoid colliding with the semi and were severely injured when their truck struck the semi and then went into the borrow pit and rolled.

**B. Procedural**

Plaintiffs filed suit on September 19, 2024. Dkt. 1. In their Amended Complaint, Plaintiffs brings multiple negligence-related claims against Jenkins and Helena and a claim for respondeat superior liability against Helena. *See generally* Dkt. 16, at 6–11.

The Parties' initial scheduling order (Dkt. 12) was extended twice by stipulation (Dkts. 18, 23). Under the operative scheduling order, Plaintiffs had to disclose their initial experts by June 12, 2026, Helena by July 10, 2026, and Plaintiffs rebuttal experts by July 24, 2026. Fact discovery was set to close on August 10, 2026, with all expert discovery to conclude on September 8, 2026. September 8 was also the deadline for dispositive motions.

At some point during discovery, Plaintiffs expressed their position that Helena was only entitled to ten depositions *total* (inclusive of experts) under the Federal Rules of Civil Procedure 30(a)(2)(A)(i). Helena took a few depositions. However, Plaintiffs had identified twenty-six potential lay witnesses as well as forty-five treating medical care providers who might testify. Thus, while Helena knew it would need to depose additional witnesses, it was hesitant to schedule any further depositions until Plaintiffs designated their expert witnesses and it could assess who to depose.

Plaintiffs then designated eight experts.

In addition to the disagreement regarding the total number of depositions, the Parties

were facing looming deadlines, outstanding discovery, and various scheduling commitments of counsel. Plaintiffs and Helena met and conferred but were unable to reach a resolution on the number of depositions and whether to modify the schedule.

The Parties then reached out to the Court's law clerk and engaged in the Court's informal discovery dispute process. The Court provided guidance to the parties—specifically that expert depositions *did not* count against the ten-deposition limit outlined in Rule 30—and that a short extension might be warranted to iron out the disagreements. The Parties, however, were unable to agree further, and Helena filed the instant Motions seeking to modify the scheduling order and conduct additional depositions.

Briefing on those motions concluded on August 12, 2026. Because of the Court's heavy caseload, it was unable to issue an immediate ruling. Thus, when September 8, 2026, rolled around, both Parties filed motions for summary judgment. Dkts. 32, 33.

The Court recently inquired of the Parties whether the filing of the Motions for Summary Judgment meant the prior issues were moot. Helena represented it filed a motion for summary judgment to ensure timeliness but still seeks the relief sought in the prior motions. For their part, Plaintiffs assert Helena's Motions are moot.

## III. LEGAL STANDARDS

### A. Depositions

Federal Rule of Civil Procedure 30 limits the number of depositions in a civil action to ten per side. Fed. R. Civ. P. 30(a)(2)(A)(i). Absent stipulation of the parties, a party must obtain leave of court to take a deposition beyond the presumptive limit. *Id*. The court "must grant leave to the extent consistent with Rule 26(b)(2)." *Id*.

Consistent with Rule 26(b)(2), the court must ensure that the discovery sought is "relevant to [the] party's claim[s] or defense[s]" and not unreasonably cumulative, duplicative, or burdensome. Fed. R. Civ. P. 26(b).

**B. Scheduling**

A discovery schedule may be modified for good cause. *See* Fed. R. Civ. P. 16(b)(4). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) (citation modified).

## IV. DISCUSSION

Helena contends these issues are all related. Because Plaintiffs took a strict position on the number of depositions each side was entitled to pursue, it was unable to prioritize which individuals to depose and had to effectively halt discovery until the Court ruled on the matter. And until the Court rules and Helena knows how many depositions it can take, it cannot complete discovery. And until discovery and depositions are complete, Helena's experts cannot complete their reports. And all of this takes time. Time that was running short and has now run out.

For their part, Plaintiffs first argument in opposition to Helena's requests is that Helena should have been more diligent and raised these issues much sooner, not at the "11th hour." Dkt. 30, at 4. The Court disagrees.

As noted, the discovery cutoff was August 10, 2026. Expert disclosures were happening in June and July. Helena raised these issues with Plaintiffs and the Court as soon as it became apparent the Parties were not going to be able to reach a resolution on their

differences. To be sure, had Helena noticed depositions earlier, they *may* have learned about Plaintiffs' interpretation regarding the ten-deposition limit earlier. But even then, until Helena knew the identity (and number) of Plaintiffs' experts, it would not have been able to finalize its deposition plans. Thus, the Court finds Helena was not dilatory in seeking the Court's intervention.

The Court turns next to the merits of Helena's arguments: first, that it needs more than ten depositions and second, that the schedule needs to be modified to accommodate those additional depositions (among other things). A threshold component of the deposition disagreement is whether experts count towards the ten-person total.

On this wise, Plaintiffs maintain their disagreement but acknowledge the Court's prior guidance that expert depositions are not included in the limit. They also recognize Helena has narrowed its final list down to 15 depositions (from earlier negotiations where Helena postured it may need 20-30 depositions) but still object to even the five additional.

First, the Court reiterates its position that expert depositions are not included in Rule 30's limit. Admittedly, what scant caselaw exists on this topic is inconclusive. As one court noted earlier this year "district courts are deeply divided over whether expert depositions are included in the ten-deposition limitation." *Moller v. Martian Sales, Inc.*, 2026 WL 837592, at *3 (E.D. La. Jan. 28, 2026).[1] Closer to home, courts in the Ninth Circuit have long held "it is not clear whether expert depositions under Fed. R. Civ. P. 26(b)(4) are

[1] In *Moeller*, that Court ultimately found Rule 30 did not support a "distinction between fact and expert witnesses" and that ten depositions meant ten depositions. Period. 2026 WL 837592, at *3. Nevertheless, that Court allowed 15 total depositions based upon a later agreement by the parties.

governed by Fed. R. Civ. P. 30(a)(2)(A)" and the ten-deposition limit.[2] *Najera-Aguirre v. Riverside*, 2019 WL 3249613, at *5 (C.D. Cal. Apr. 16, 2019) (citing *Andamiro U.S.A. v. Konami Amusement of America, Inc.*, 2001 WL 535667, at *2 (C.D. Cal. Apr. 26, 2001)).[3]

For its part, the Court is of the opinion that experts *are not* included in the presumptive 10 deposition limit of Rule 30 for the simple reason that expert testimony is generally governed by Rule 26, not Rule 30. To be sure, Rule 30 does not delineate—through inclusion or exclusion—*who* is subject to oral examination. But the Court is persuaded by the reasoning of those courts suggesting experts should be treated differently because their testimony is different and cannot be discovered by anyone else.

Even setting aside this conundrum, the Court is always free to allow additional depositions if the party seeking them shows additional depositions are necessary. Thus, in the event the Court were to hold fast to the original ten deposition limit, as explained below, Helena has persuasively explained why additional depositions are necessary in this case.

As a final note on this topic, the Court finds Helena need not have exhausted its ten depositions *before* seeking leave of the Court for additional depositions. *See Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2007 WL 3306496, at *6 (N.D. Cal. Nov. 6, 2007) ("It would be inefficient to require an additional motion for each additional deposition sought. Additionally, it would be prejudicial to require [a party] to choose the ten

---

[2] Some districts include in their scheduling order or case management order language stating whether experts are, or are not, included in the ten-deposition total. The District of Idaho's templates do not include any such language, nor did the Parties' discovery plan in this case.

[3] In *Andamiro*, that court declined to include expert deposition in the presumptive limit reasoning expert witnesses' opinions cannot be discovered from other sources and thus, should be treated differently. 2001 WL 535667, at *2.

depositions to take before they know whether they will be granted more.")

Moving on from whether experts are included in the deposition limit, the Court must nevertheless determine whether Helena is entitled to an additional five depositions. Plaintiffs feel five additional depositions are not proportional to the needs of the case. More importantly, however, Plaintiffs posture these additional depositions will take place after their expert disclosure deadline, thus (potentially) necessitating the need for experts to review new information and modify or supplement their reports.

Helena has outlined why it needs to depose these additional individuals. Dkt. 29-2, at 5–7; Dkt. 31, at 3–6. While there might be some minor overlap in what these individuals have to say, each has information relevant to Plaintiffs' injuries or damages and is relevant to Helena's preparation for trial. The Court finds Helena has met its burden in illustrating these depositions are relevant and proportional to the needs of the case. Again, Helena *significantly* scaled down its list from 26 witnesses it wanted to depose to 15. The Court finds allowing five additional lay depositions (plus any expert depositions) is reasonable under the circumstances.

This brings the Court to Helena's motion to modify the scheduling order.

As a brief segway, the Parties mention additional issues such as scheduling a Neuropsychological evaluation for Plaintiff Hancock, the supplementation of counseling records, and other outstanding discovery. Because these briefs were filed some time ago, the Court does not know the status of those particular issues—whether resolved or not. Additionally, the Court also does not know which depositions, if any, Helena took around the time these briefs were filed. Simply put, the Court does not know what discovery is

outstanding or how long the additional discovery and depositions will take.

Nevertheless, it goes without saying that the existing scheduling order needs to be modified to accommodate the Court's holding above that Helena is entitled to more depositions. And it stands to reason the Parties will need to conduct some limited discovery as it relates to those depositions *and* that expert witnesses may need to update their reports. Thus, the Court will modify the existing scheduling order to give the Parties sufficient time to comply with the Court's order today.

One concern is both Parties have now filed Motions for Summary Judgment. But neither Party mentioned the pending disputes. In other words, the Court does not know if the additional discovery and depositions will affect the pending motions or not. The Court, therefore, will wait to rule on the pending motions for summary judgment (or schedule a hearing on the same) until: (1) the Parties represent none of the additional discovery will affect the motions, or (2) the Parties have had an opportunity to file supplemental briefs.

## IV. ORDER

1. Helena's Motion for Leave to Conduct Additional Depositions (Dkt. 29) is GRANTED. Helena may conduct up to 15 depositions. Expert depositions are not included in this total.
2. Any outstanding discovery must be completed quickly. All counseling records and other discovery must be exchanged and supplemented right away so any remaining fact depositions can take place with an accurate record. Supplemental expert reports (or expert depositions) should follow shortly thereafter. Hancock's evaluation should also be conducted expeditiously if it has not already been completed.

3. To accommodate all of this, the Parties shall meet and confer on a new schedule. The Court envisions a roughly 60-day window to finish the discovery and depositions in this case, but defers to the Parties because, again, it does not know what discovery was completed since the filing of the instant briefs and counsel's schedule over the next few months. The Parties shall submit a joint scheduling proposal within 14 days of the date of this order.
4. Helena's Motion to Modify Scheduling Order (Dkt. 28) is GRANTED.

DATED: November 3, 2026

David C. Nye
U.S. District Court Judge